David W. JOSHLIN, et al., Plaintiffs,

v.

GANNETT RIVER STATES PUBLISHING CORPORATION, d/b/a The ARKANSAS GAZETTE; and Little Rock Newspapers, Inc., d/b/a The Arkansas Democrat–Gazette, Defendants.

No. LR–C–92–66.

United States District Court,
E.D. Arkansas, W.D.

Jan. 8, 1993.

See also 840 F.Supp. 660.

---

Mark L. Martin, David B. Sterling, Martin, Trumbo & Sterling, Fayetteville, AR, for plaintiffs.

James W. Moore, Friday, Eldredge & Clark, Little Rock, AR, for defendant Gannett.

John E. Tull, III, Williams & Anderson, Little Rock, AR, for defendant Little Rock Newspapers.

### ORDER

EISELE, District Judge.

Plaintiffs' motion to amend the complaint is before the Court. Plaintiffs' motion for class certification also is before the Court. This is a complaint for damages alleging Defendants' failure properly to notify Plaintiffs of their pending termination of employment as a result of a plant closing in violation of the Worker Adjustment and Retraining Notification Act (WARN). Defendants have responded to both motions. The Court grants Plaintiffs' motion to amend the complaint but denies Plaintiffs' motion for class certification for the reasons discussed below.

Plaintiffs filed the instant complaint as a result of their termination of employment with the Arkansas Gazette in 1991. Defendant Gannett River States Publishing Corporation (Gannett) did not notify Plaintiffs and other persons sixty (60) days prior to the closing of the Arkansas Gazette, in violation of WARN, 29 U.S.C. §§ 2101 *et seq.* However, Gannett used an alternative means to attempt to comply with WARN by paying its workers for the number of days they would have worked during the sixty (60) days after the Gazette closed. Plaintiffs' complaint seeks a full sixty days pay for each Plaintiff, not merely wages for those days each Plaintiff would have worked in the 60–day period following the closing.

Plaintiffs filed the complaint on February 3, 1992. Plaintiffs' affidavit of service indicates that the complaint was not served upon either Defendant until April 30, 1992. Plaintiff's instant motion to amend the complaint was filed on July 7, 1992. Plaintiff's initial motion to certify the class was filed on July 24, 1992.

Both Defendants object to certification of the class for two reasons. First, Defendants claim that the motion to certify the class was not filed within ninety (90) days of Plaintiffs' filing the complaint, as required by Local Rule 24. Second, Defendants claim that Plaintiffs' complaint and motion do not meet the requirements of the Federal Rules, in particular, Federal Rule of Civil Procedure 23(a)(1), which requires the number of persons in the class be so numerous that joinder of all members is impracticable.

The Court concludes that Plaintiffs' motion for class certification should be denied. Plaintiffs concede that they did not meet the Local Rule 24 requirement of filing the motion to certify the class within 90 days. Plaintiffs request the Court to order certification of the class in its discretion, notwithstanding the failure to comply with Local Rule 24. Local Rule 24 provides, in relevant part, that:

> Failure to move for class determination and certification within the time required

herein shall constitute and signify an intentional abandonment and waiver of all class action allegations contained in the complaint and same shall proceed as an individual, non-class action thereafter.... If any motion for class determination or certification is filed after the deadline provided herein, it shall not have the effect of reinstating the class allegations unless and until it is acted upon favorably by the Court upon a finding of excusable neglect and good cause.

Local Rule 24.

■ The Court concludes that there has not been a sufficient showing of good cause to permit class certification. Local Rule 24 is designed to comply with the applicable Federal Rule requiring determination of class status "as soon as practicable after commencement of" the action. *Fed.R.Civ.P. 23(c)(1)*. Here, Plaintiffs did not move for certification of the class until Defendants protested that the proposed amended complaint claimed to be a "class action." The initial motion for class certification came 172 days after filing of the complaint. Plaintiffs claim that there is no harm to Defendants for this violation of Local Rule 24 because Plaintiffs did move for class certification within 90 days of service of the complaint.

Plaintiffs' argument is unavailing. Service of the complaint is within Plaintiffs' control. Here, both Defendants are well-known corporations that did not seek in any way to evade service of the summons and complaint. The Court's policy, as stated in Local Rule 24, is to expedite resolution of class certification issues for the benefit of the Court, the potential class members, and the parties as well. Plaintiffs cannot now use their own delay in serving the summons and complaint to excuse their failure timely to move for class certification. This ruling comports with previous rulings in the district court, strictly construing the 90–day time limit. *See, e.g., Delta Pride Catfish v. Marine Midland Bus. Loans*, 767 F.Supp. 951, 953 n. 1 (E.D.Ark. 1991).

■ The Court further concludes that Plaintiffs have not complied with Rule 23(a)(1) of the Federal Rules of Civil Procedure. The applicable portion of Rule 23(a)(1) permits one or more members of a class to sue on behalf of all only if the class is so numerous that joinder of all members is impracticable. There has been no such showing here. Plaintiffs nowhere state the maximum or approximate maximum size of the potential class. To the contrary, the initial complaint names forty-two (42) persons as Plaintiffs. The proposed amended complaint adds fifty-three (53) additional persons as parties Plaintiff. The brief in support of the motion to certify states that the proposed class consists of 95 Plaintiffs. Plaintiffs have made no showing at all that the class might exceed those 95 persons named in the amended complaint.[1]

The Court concludes, however, that the 95 persons named as Plaintiffs in the amended complaint will not suffer any harm as a result of the ruling on the motion for class certification. Contrary to the allegations in the motion for class certification, Plaintiffs themselves proceed as if joinder of all potential members of the class is not impracticable, because each of the 95 potential class members is actually named as a Plaintiff.

■ The Court grants Plaintiffs' motion to amend the complaint by adding the additional plaintiffs. Leave to amend shall be freely given when the interests of justice so require. *Fed.R.Civ.P. 15(a)*. Without opposition from Defendant Little Rock Newspapers, Inc., and over the objection of Defendant Gannett, the Court grants the motion in the interests of justice.

■ Since the amended complaint merely adds new parties plaintiff to the action, with legal and factual issues identical to the issues raised in the original complaint, the Court will construe Defendants' previous answers or motions to dismiss or motions for summary judgment, or combinations thereof as responsive pleadings concerning all Plaintiffs. Consequently, Defendants need not renew their answers or separate motions to include the newly named Plaintiffs, although they are free to do so, if they so desire.

---

1. The Court further notes that Plaintiffs' failure to specify the approximate size of the class in a separate paragraph of the complaint captioned "Class Action Allegations" also violates Local Rule 24(B)(2).

IT IS THEREFORE ORDERED that Plaintiffs' motion[2] for certification of the class be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion[3] for leave to amend their complaint, naming additional Plaintiffs, be, and it is hereby, GRANTED. The Clerk of Court is directed immediately to file the amended complaint as a regular civil action.

IT IS FURTHER ORDERED that Defendants' previous answers, or motions to dismiss, or motions for summary judgment, be, and they are hereby, deemed filed as responsive pleadings to the amended complaint, effective as of the date of filing of the amended complaint.

IT IS SO ORDERED.