261 N.J. Super. 683 (1993)
619 A.2d 689
GENNARO D'ANGELO, PLAINTIFF-APPELLANT,
v.
MILLER YACHT SALES AND T/A MARINE TRADING INTERNATIONAL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 16, 1992.
Decided February 5, 1993.
*684 Before Judges KING, BRODY and THOMAS.
Roeber & Stonehill, attorneys for appellant (Roberta L. Stonehill, on the brief).
Enright, Lenney & McGrath, attorneys for respondent (Thomas E. Lenney, of counsel and on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
*685 Plaintiff appeals from a summary judgment dismissing this action by a consumer buyer for direct economic loss attributable to alleged breaches of express and implied warranties. The trial judge ruled that the action is barred by the four-year limitations period of the Uniform Commercial Code (Code). N.J.S.A. 12A:2-725. The complaint was filed more than four years after accrual of a Code claim, but within six years after accrual of a tort claim for economic loss. Plaintiff's various claims arise from alleged defects in a yacht that he purchased from defendant for $160,000. He contends that because he purchased the yacht as a consumer, and not as a merchant, his claims are not based on the Code, but on strict liability in tort, and therefore are subject to the general six-year limitations period. N.J.S.A. 2A:14-1. We affirm with respect to the claims based on defendant's alleged breach of contract, and reverse with respect to two claims based on fraud.
The record contains no evidence of facts. We must therefore judge the character of plaintiff's claims solely from the seven counts in his complaint. None of the counts expressly refers to the Code or to strict liability in tort.
The first count recites that defendant breached an agreement to sell plaintiff "a new 1983 marine trader, 44 Sun Deck Troller Yacht," because the yacht defendant delivered was not new, but a repaired used yacht. Plaintiff alleges that the yacht "was in fact crushed and substantially rebuilt and repaired prior to delivery...." In effect, the claim is that defendant breached an express warranty that the yacht was new. N.J.S.A. 12A:2-313(1)(a). Plaintiff alleges in the second count that he could not use the yacht for its ordinary purpose because it was damaged when sold. In effect, the claim is that defendant breached an implied warranty of fitness. N.J.S.A. 12A:2-314(2)(c). The third count specifically alleges that defendant breached an "express warranty" because the yacht was not new. The fourth count specifically alleges that defendant *686 breached an implied "warranty of fitness." The fifth count specifically alleges that defendant breached an implied "warranty of merchantability," a more comprehensive Code warranty that includes the implied warranty of fitness. N.J.S.A. 12A:2-314.
The sixth and seventh counts of the complaint are not referable to the Code. Plaintiff alleges in the sixth count that defendant "willfully and with malice" misrepresented the yacht as new. He seeks compensatory and punitive damages for alleged "material omissions." The claim is based on the common-law tort of fraud. In the seventh count plaintiff seeks treble damages and attorney's fees under the Consumer Fraud Act. N.J.S.A. 56:8-1 to -60. The trial judge dismissed these claims erroneously because they are subject to the general six-year limitations period. The Code preserves non-Code claims for fraud. N.J.S.A. 12A:1-103. Cf. Perth Amboy Iron Works, Inc. v. American Home Assurance Co., 226 N.J. Super. 200, 208-12, 543 A.2d 1020 (App.Div. 1988), aff'd o.b., 118 N.J. 249, 571 A.2d 294 (1990).
Plaintiff argues that Chapter 2 of the Code, the Sales Chapter, applies only to sales between merchants and therefore he is not subject to the Code's four-year limitations period. He is plainly wrong. N.J.S.A. 12A:2-103(1)(a) defines buyer to mean "a person who buys or contracts to buy goods." A buyer may be a merchant or a consumer. Sprague & Henwood v. Johnson, 606 F. Supp. 1564, 1565 (W.D.Va. 1985). The Code not only implicitly recognizes consumers as buyers but contains provisions that expressly afford consumers more protection than merchants. For instance, a provision in a sales contract that excludes modification or rescission except by a signed writing is valid against a merchant. However, such a provision when contained in a form supplied by a merchant is not valid against a consumer unless the consumer has signed the form. N.J.S.A. 12A:2-209(2).
*687 Our Supreme Court has used N.J.S.A. 12A:2-302, the "unconscionable contract or clause" provision of the Code, to give special protection to consumer buyers in actions brought under the Code. For instance, the Court used the provision to invalidate attempts by sellers to limit warranties in consumer contracts. See Gladden v. Cadillac Motor Car Div., 83 N.J. 320, 331-34, 416 A.2d 394 (1980).
Plaintiff relies on two New Jersey Supreme Court cases to support his claim that a consumer sales contract is not governed by the Code. In Santor v. A & M Karagheusian, Inc., 44 N.J. 52, 207 A.2d 305 (1965), a pre-Code case, the Court permitted a consumer to recover damages from a manufacturer for defective carpeting after the seller had gone out of business. At the time, a consumer could not recover against a manufacturer on a breach of contract theory because there was no privity of contract under the Uniform Sale of Goods Law between the consumer and the manufacturer. In the absence of a contract theory of recovery, the Court permitted the consumer to proceed on a tort theory of strict liability. The case is distinguishable because here there is no lack of privity that arguably could prevent application of the Code.
The other case is Spring Motors Distributors, Inc. v. Ford Motor Co., 98 N.J. 555, 489 A.2d 660 (1985). There the Court held that a merchant buyer must proceed against a merchant seller under the Code and not on a theory of strict liability in tort that would have enabled the buyer to avoid the Code's four-year time bar. The Court also held that lack of privity of contract would not have barred the merchant buyer from also proceeding under the Code against a remote supplier.
Although the Code clearly applies to this transaction, an unresolved question is whether the Code preempts an alternative tort claim based on strict liability. Spring Motors expressly left open the question of whether a consumer buyer must look exclusively to the Code to recover for direct economic loss. "In the present case, which involves an action between commercial *688 parties, we need not reconsider the Santor rule that an ultimate consumer may recover in strict liability for direct economic loss." Id. at 575, 489 A.2d 660. The Court acknowledged that limiting a consumer buyer to relief under the Code, as held in the leading case of Seely v. White Motor Co., 63 Cal.2d 9, 45 Cal. Rptr. 17, 403 P.2d 145 (1965), has emerged as the majority view. Spring Motors, supra, at 572-73, 489 A.2d 660.
As we noted, the holding in Santor was limited to a consumer's claims against a manufacturer for economic loss that were barred substantively under the Uniform Sale of Goods Law because of lack of privity. By affording that consumer a tort theory of recovery, the Court prevented him from being left with no remedy against a responsible person. Here lack of privity is not a substantive bar because the consumer's claims are against his direct seller. Also, it seems unlikely after Spring Motors that the Code will bar for lack of privity consumer claims for economic loss against a remote supplier or manufacturer. We also note that the Spring Motors Court expressed deference to the Legislature, describing the Code as "a carefully-conceived system of rights and remedies to govern commercial transactions." Spring Motors, supra, at 577, 489 A.2d 660.
We now give similar deference to the legislative system of rights and remedies as it applies to commercial sales to consumers and hold that the Uniform Commercial Code provides a consumer buyer the exclusive remedy for direct economic loss resulting from conduct that constitutes the breach of express or implied warranties. Such claims must be brought within the four-year limitations period of the Code. An express provision of the Code, N.J.S.A. 12A:1-103, saves from preemption common-law fraud and Consumer Fraud Act claims arising from a sales transaction. Such claims may be brought within six years of accrual.
*689 The judgment is affirmed with respect to the dismissal of the first five counts of the complaint, and reversed with respect to the dismissal of counts six and seven. The matter is remanded for further proceedings under counts six and seven.