Sarah **ILLIG, For Herself and as Representative of a Class of Similarly Situated Persons Plaintiff,**

v.

The **UNITED STATES, Defendant.**

No. 98–934L.

United States Court of Federal Claims.

July 12, 2004.

Mark F. Hearne, II and J. Robert Sears, Lathrop & Gage, L.C., St. Louis, Missouri, for the plaintiffs.

Kristine S. Tardiff and Joy Ryan, Environment & Natural Resources Division, United States Department of Justice, for defendant. With them on the briefs was Thomas L. Sansonetti, Assistant Attorney General.

## ORDER

BRUGGINK, Judge.

This is a class action brought by landowners pursuant to the Takings Clause of the Fifth Amendment. Plaintiffs claim that the National Trails System Act, as amended, 16 U.S.C. § 1241 (Supp. II 1996) ("Trails Act"), lead to an uncompensated taking of an easement over their lands. We permitted the action to proceed as an opt-in class action under RCFC 23. We earlier found in favor of plaintiffs on liability. See Order of March 2, 2001. Pending is plaintiffs' "Motion for Amendment of the Entry of Appearance for Claimant Molly Bramoweth (Claim 14)." The parties disagree about the true nature of the motion, but we believe, in substance, that defendant is correct that granting the motion improperly would result in the addition of one or more new parties. Because the amendment is untimely in terms of our prior deadline for inclusion in the class, we deny the motion.

## BACKGROUND

We found the date of taking to be December 30, 1992. This action was commenced on December 28, 1998, within a few days of the running of the limitations period. The two named plaintiffs were Sarah and Gale Illig. The nature of a class action, however, is such that identification of members of the class is tantamount to inclusion of those individuals nunc pro tunc back to the date of the original filing. If that were not the case, the running of the limitations period would become an issue. Thus, the fact that the deadline for identification of those persons who opted into the class came after the running of the limitations period is not a bar.

For that same reason, however, the integrity of the process of identifying members for inclusion in the class is critical. By order of April 27, 2000, the court adopted a process proposed by the parties for publishing notification of the suit and inviting affected landowners to join by a date certain. The deadline was extended in subsequent orders, but ran out on January 4, 2001. Notification was sent to persons understood to be current owners of land along the rail bed, as well as persons thought to be owners at the date of taking, if there had been a sale. In addition, there were notifications published regularly in two newspapers. Later, the parties jointly presented a list of persons who indicated a desire to join the class. By order of January 31, 2002, the court accepted that list and closed the group of plaintiffs.

Plaintiffs now present the following facts in support of the pending motion. One of the parcels of land adjoining the rail bed is part of the common grounds of the Royal Arms Condominium Association. One of the listed individual plaintiffs is Molly Bramoweth. She is the fee owner of one of the condominiums in that development. As owner of an individual condominium, she is also a 1.34% owner in the common land abutting the rail bed. Neither the condominium association nor the other members of the condominium association have joined the suit. Plaintiffs now seek to substitute the association for Ms. Bramoweth. Defendant opposes the substitution.

## DISCUSSION

Plaintiffs contend that substitution of the condominium association for Ms. Bramoweth does not trigger concerns about amendment or relation back. They view her claim as a "place holder" for the condominium association. We disagree. There is a fundamental

difference between Ms. Bramoweth's ratable share and the whole. Shares in the condominium by definition are discrete portions of the whole. The best evidence of this is the fact that plaintiffs' recovery as to this parcel would be approximately 60 times larger if they succeed in the substitution. Ms. Bramoweth is not the same juridical entity as the association, much less the other individual condominium owners. It can not be argued, in short, that the association or the other members of it are implicit in Ms. Bramoweth's notice. They are separate entities.

The matter cannot be approached, therefore, as a substitution of parties. Nothing has happened to prompt a substitution. Instead, plaintiffs would have to seek amendment to add new parties—either the other individual owners or the association. Such an amendment, however, would trigger concerns of the applicable limitations period, as well as the court's prior orders closing the class.

While it is undisputed that the tolling of the limitations period ended with the closing of the class, Rule 15 permits amendments to a complaint. Paragraph (c) of the rule deals specifically with relation back of amendments to change defendants, but does not mention changing or adding plaintiffs. Instead, the comments to the 1966 amendments to the FRCP state the following:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

The rule with respect to changing defendants is that relation back is permitted when allowed "by the law that provides the statute of limitations," or when the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence as the original pleading, and, defendant had notice of the original proceeding. *See Moore v. United States,* 42 Fed.Cl. 595, 597 (1998); *see also Creppel v. United States,* 33 Fed.Cl. 590, 594 (1995).

The proposed amendment[1] here plainly relates to the same transaction or occurrence, and defendant was on notice of the original claim. It was on notice, moreover, not just of the claim as a whole, but of the claim as to the piece of land implicated in the current motion. Ms. Bramoweth owns an undivided interest in the whole parcel. In short, Rule 15 would not be a bar to amendment of the complaint to include the association's claim as to the entire common property adjoining the trail and would permit the relation back of that amendment to the filing date of the initial complaint.

As plaintiffs concede however, "[t]he government's more compelling argument is not that the statute of limitations bars the amendment of the claim for a taking of the entirety ... but, rather, that the proposed amendment is sought after the expiration of this court's deadline for submitting claims." Pl.'s Rep. to Def's Opp. to Amendment of the Entry of Appearance at 4. We agree. The real issue is whether the court will enforce the cutoff date for inclusion in the class. Plaintiffs urge that the court effectively waive the January 4, 2001 deadline solely for the condominium association on equitable grounds. We decline to do so.

Individual notice of the suit went to persons or entities who appeared in the records of the St. Louis County Assessor's Office and the St. Louis County Recorder of Deed's Office as owning an interest in the relevant parcels as of the date of taking, December 30, 1992. According to plaintiffs, Royal Arms Condominium Association was not identified in those records as owner of the relevant parcel as of the date of taking. Apparently it was unincorporated at the time. It came into existence in 1985 and was not incorporated until 1994. This suit was commenced in 1998, however, and the associ-

---

1. Plaintiffs' motion characterizes the relief requested as an amendment of the entry of appearance of claimant Bramoweth. In our view, amending her entry of appearance more properly should be characterized as an amendment of the complaint to add an additional plaintiff or plaintiffs.

ation was certainly in existence at the time the class notice went out.

We note that because plaintiff Molly Bramoweth was part of the suit, she and her counsel plainly were aware that the entire parcel at issue abutted the trail. We note also that, while notice did not go directly to the association, a series of general notices were published on six occasions in the St. Louis Post Dispatch and three times in a local journal. In addition to the association management, there were more than 70 other joint owners who would have been reached by the general notice. Notice was extensive and more than adequate under the circumstances.

Neither the condominium association nor any of its other constituent members filed an entry of appearance within the deadlines established by this court. This is not an instance of a mis-identification. The relevant persons simply failed to respond to what the parties agreed would be adequate notice. This fact does not warrant reopening the class nearly three years after the deadline for filing an entry of appearance, and more than two years after the class was closed. While defendant was on notice of the Bramoweth claim, and thus of the existence of the larger parcel, it would be prejudiced by the increase in size of the claim as to that parcel by a factor of more than 60.

## CONCLUSION

For the reasons set forth above, the plaintiffs' *motion for amendment of the entry of appearance is denied.*