FRANK WIRTH, INCORPORATED, RESPONDENT, v. ESSEX
AMUSEMENT CORPORATION ET AL., APPELLANTS.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellants, *Arthur T. Vanderbilt.*

For the respondent, *Herman Marx.*

The opinion of the court was delivered by

LLOYD, J.   Plaintiff below sought to recover the agreed
price specified in a contract to supply amusement talent to
the defendant corporation, as also the value of services ren-
dered upon a *quantum meruit.*   To the complaint the defend-
ant filed an answer and counter-claim.

The case was tried, submitted to the jury, and resulted
in a verdict and judgment for the plaintiff.   The case is here
on defendant's appeal.

The grounds of appeal are four in number.   The first three
deal with the admission of evidence, and the fourth, which is
that the verdict is contrary to law, presents no basis for
review.   *Cohn* v. *Bank,* 109 *N. J. L.* 514.

Assuming that the rulings on the admission of evidence
now complained of are properly before us, we think they are
without substantial merit.   The plaintiff agreed to supply an
entertainment production called, "Frank Wirth's Colossal

Circus," comprising a number of distinctive performance features. The first ground of complaint is as to the admission of a conversation had by the plaintiff, the broker who had procured the agreement and the president of plaintiff company. This was preliminary, was of no material importance, and while an exception was taken to a refusal to strike it out, no exception was taken to its admission.

The next point relates to evidence of a conversation subsequent to the making of the agreement tending to effect a change therein, due to the fact that defendant's theatre stage would not accommodate one of the performances agreed on. It is complained that it was incompetent under the rule against the admission of parol evidence to alter written contracts. This rule, one of the safeguards of human contractual relations, has no application where the contract is altered by subsequent agreement of the parties, and this even though the writing itself provided against such alteration. *Headley* v. *Cavileer*, 82 *N. J. L.* 635.

The objection that proof of the modification was incompetent because without consideration is without merit. Substitution of one feature of the performance for another, the latter being one which it was impracticable to produce, constituted ample consideration for the oral agreement.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.