HOWARD AND DORA DIAMOND T/A MORRISTOWN PIC-
TURE FRAME AND GLASS COMPANY, PLAINTIFFS-RE-
SPONDENTS, v. NEW JERSEY BELL TELEPHONE COM-
PANY (A CORPORATION OF THE STATE OF NEW
JERSEY), AND GRAY CONSTRUCTION COMPANY (A
CORPORATION OF THE STATE OF NEW JERSEY),
DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 11, 1967—Decided September 22, 1967.

(1)

Before Judges GAULKIN, LEWIS and KOLOVSKY.

Mr. *Joel A. Murphy* argued the cause for appellants (*Messrs. Mills, Doyle & Muir,* attorneys).

Mr. *John S. Donington* argued the cause for respondents (*Messrs. Weiner, Weiner & Glennon,* attorneys).

PER CURIAM. Plaintiffs sued for property damage allegedly caused by defendants as the result of their negligent installation of an underground telephone conduit, which had been installed over plaintiffs' sewer line, in such a manner that "the cleanouts on the plaintiffs' sewer line had been broken off." It is claimed that the clogging of the sewer line culminated in a backup of sewage which, in February 1966, caused damage to plaintiffs' property.

The conduit was laid and the cleanouts were broken in 1957. At oral argument it was conceded by plaintiffs' counsel that no maintenance work nor repairs were made to the conduit since its installation in 1957. Suit was commenced in July 1966.

The trial court denied defendants' motion for judgment on the pleadings. They appeal, contending that plaintiffs' cause of action arose more than six years before the com-

mencement of suit and, therefore, it is barred by the statute of limitations, *N. J. S.* 2A:14–1. We agree.

Plaintiffs rely heavily upon *Fernandi v. Strully,* 35 *N. J.* 434 (1961). That case is clearly distinguishable. *Fernandi* was an action for medical malpractice based on the leaving of a foreign object in a patient's body during the course of an operation performed on April 26, 1955. In August 1958 X-rays revealed the foreign object in the patient's abdomen, and suit was instituted against the operating surgeons on August 3, 1959. The statute of limitations was pleaded. Our Supreme Court held:

"* * * Justice cries out that she [plaintiff] fairly be afforded a day in court and it appears evident to us that this may be done, at least in this highly confined type of case, without any undue impairment of the two-year limitation or the considerations of repose which underlie it." (35 *N. J.,* at *p.* 451, 173 *A.* 2d, at *p.* 286)

■■ Here we are concerned with an action for tortious injury to property and the application of a six-year statute of limitations. The asserted negligence and the damage to plaintiffs' sewer line occurred in 1957. We hold that plaintiffs' cause of action accrued in that year. The running of the statute of limitations is not postponed by the fact that additional damages were subsequently sustained. See *Stanley Development Co. v. Millburn Tp.,* 26 *N. J. Super.* 328, 331 (*App. Div.* 1953) ; 54 *C. J. S. Limitations of Actions* § 168, *p.* 122 (1948). *Cf. Gogolin v. Williams,* 91 *N. J. L.* 266 (*E. & A.* 1917) ; *Winkler v. Hartford Acc. & Ind. Co.,* 66 *N. J. Super.* 22, 30 (*App. Div.* 1961), certification denied 34 *N. J.* 581 (1961). There was no evidence of a continuing tort.

In *Rosenau v. City of New Brunswick,* 93 *N. J. Super.* 49, 54 (*App. Div.* 1966), this court emphasized that "the giving of repose to human affairs" is one of the important policy considerations embodied in our statutes of limitation.

In the circumstances of this case the trial court erred in not adhering to *N. J. S.* 2A:14–1. Reversed and remanded for entry of judgment in favor of defendants.