208 N.J. Super. 131 (1985)
504 A.2d 1250
THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, PLAINTIFF,
v.
JOHN A. BAKER, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided November 1, 1985.
*133 Alphonse T. Crescenzo for plaintiff.
Donald Friedman for defendant.

OPINION
NEWMAN, J.S.C.
The issue presented to this court for resolution is whether a motion to amend a complaint that timely sought only the enforcement of a foreign judgment may properly be granted where the proposed amendment seeks to introduce the substantive counts of fraud contained in the foreign complaint when the statute of limitations for fraud has expired. Plaintiff, Hartford Accident and Indemnity Company, moves for such an amendment.
The facts pertinent to this motion are not in dispute. Defendant, John A. Baker, is a New Jersey resident and was employed in New York by Lutheran Medical Center, a division of Health and Hospitals Corporation. Baker was a purchasing agent at the medical center. Christian Elia, a co-worker at the center and co-defendant in the New York action, was an assistant chief engineer. Baker and Elia allegedly engaged in a fraudulent scheme whereby they created fictitious requisitions and *134 submitted fictitious purchase orders for payment by the accounting department. According to Hartford, these activities took place from September 1978 until February 28, 1979. Baker, however, entered into a written agreement with the Attorney General of the State of New York on January 19, 1979, in which he was granted transactional immunity from criminal prosecution. Subsequent to January 19, 1979, he acted as an undercover agent to assist in the investigation of crimes against Health and Hospitals Corporation.
In August 1982, Hartford, as assignee of the rights of its insured, Health and Hospitals Corporation, filed a civil action against Baker in the State of New York and obtained a default judgment in the amount of $78,705.56 on December 13, 1984. This judgment is currently being appealed in New York on jurisdictional grounds.
In February 1985, Hartford filed a complaint in New Jersey seeking only to enforce the default judgment obtained in New York under the full faith and credit clause of the United States Constitution. U.S. Constitution, Art. IV, Section 1. This motion was stayed pending the outcome of the New York action. In August 1985, Hartford moved to amend its complaint to include the allegations of fraud pled in the New York action and to have the amended complaint relate back under R. 4:9-3. The issue for determination by this court is whether the timely filing of a complaint seeking enforcement of a foreign judgment may properly be amended to include substantive allegations that might otherwise be barred by the relevant limitations statute.
Hartford contends that Baker knew of the claims against him for several years; at the very latest, he knew of the New York action in July 1983. Hartford admits that should the New York judgment be vacated, the complaint as originally filed in New Jersey may prove deficient. It therefore seeks to amend the complaint only to introduce precisely the same allegations contained in the New York complaint. Hartford maintains there *135 would be no undue prejudice to Baker in allowing this amendment since he did know about the complaint and action filed in New York. Indeed, it asserts that failure to permit the proposed amendment would unfairly benefit Baker from his unresponsiveness to the judicial proceeding filed against him. Hartford also asserts that the proposed amendments to the New Jersey complaint arose out of the same conduct, transaction or occurrence and should relate back to the original complaint filed in New Jersey.
Baker answers that the statute of limitations had expired in December 1984 as to the allegations of fraud. In response to Hartford's assertions, he argues that any permitted amendment would nonetheless be purposeless since the statute of limitations had run as to the proposed amendment. Baker alternatively contends that the proposed amendment raises allegations foreign to the complaint originally filed in New Jersey, and relation back should not be permitted.
The statute of limitations for the filing of an action seeking enforcement of a foreign judgment is 20 years. N.J.S.A. 2A:14-5. The New York default judgment was rendered against defendant in January 1985. The request for enforcement of that judgment in New Jersey in February 1985 was clearly within the prescribed statutory period.
The limitation of actions are matters within the concern of the forum. O'Keefe v. Snyder, 83 N.J. 478 (1980). Commencement of a suit in another state will generally not toll or otherwise affect provisions for the limitation of actions in the state of the forum. Nix v. Spector Freight System, Inc., 62 N.J. Super. 213 (App.Div. 1966). But see, Hourly Messengers, Inc. v. Ins. Co. of North America, 163 N.J. Super. 276 (App. Div. 1978); Heavner v. Uniroyal, Inc., 63 N.J. 130 (1973). The relevant statute in New Jersey's statute of limitations for fraud is six years after any such action has accrued. N.J.S.A. 2A:14-1. The date on which the cause of action accrues, and hence the date from which the statute of limitations starts to run, is *136 the date upon which the right to institute and maintain a suit first arises. Montag v. Bergen Bluestone Co., 145 N.J. Super. 140 (Law Div. 1976).
The accrual date of this cause of action must be determined by referring to the components necessary to state a cause of action for fraud. The requisite elements of actionable fraud are: (1) misrepresentation knowingly made to deceive a party; (2) intent that they be relied upon; and (3) reliance incurred upon those misrepresentations. Bilotti v. Accurate Forming Corp., 39 N.J. 184 (1963). See United Jersey Bank v. Wolosoff, 196 N.J. Super. 553 (App.Div. 1984).
Baker entered into an agreement with the Attorney General of New York granting him transactional immunity from criminal prosecution on January 19, 1979. He acted subsequent to this date as an undercover agent in cooperation with prosecuting authorities. A grant of transactional immunity from criminal prosecution, however, did not insulate Baker from civil suit. Nonetheless, his actions subsequent to the immunity agreement cannot be said to constitute fraudulent activity. As stated in the affidavit of Lawrence J. Iacueo, Special Assistant Attorney General of New York, all monies received by Baker after the immunity agreement were turned over to the investigating authorities. Thus, there was the apparent absence of intent that Hartford rely upon misrepresentations and no reliance could legally have been placed upon any misrepresentations under the circumstances. Therefore, the date of the vesting of the right to institute suit was the date of the last possible fraudulent act, which could not have been later than the date of the agreement with the New York Attorney General of January 19, 1979 under which Baker was granted transactional immunity in the criminal prosecution.
Under the New Jersey statute addressing fraud, the proposed amendment would be out of time. Even if the relevant statute is assumed to be New York's, which provides either a period of two years from when the fraud could have been discovered, *137 CPLR 203(f), or six years from the last fraudulent act, CPLR 213(8), the amendment should fail. According to affidavits and information submitted by both Hartford and Baker, the last fraudulent act occurred prior to the immunity agreement executed on January 19, 1979. Both the New York and the New Jersey statutes addressing fraud had run by the time of the filing of the New Jersey complaint in February 1985.
Moreover, while R. 4:9-3 recognizes that an amendment can relate back to the date of the filing of the original complaint, that cannot be permitted here. To be sure, the doctrine of relation back is grounded on the bedrock of the original complaint being within the appropriate limitations period. Using the six year statute of limitations for fraud as the measuring rod, the amended complaint containing the fraud allegations cannot relate back to an original complaint that was filed subsequent to the expiration of the limitations period for fraud.
If these were the only points to be argued, the matter would be at an end. However, there is a saving statute that extends the period of limitations for one year from the time of a judgment reversal or judgment being rendered against a plaintiff. That statute, N.J.S.A. 2A:14-28, applicable where a cause of action is governed by a limitation statute such as 2A:14-1, provides in pertinent part:
If, in any of the actions or proceedings specified in sections 2A:14-1 to 2A:14-19, sections 2A:14-22 to 2A:14-25 or section 2A:14-27 of this title, judgment is given for the plaintiff therein, and such judgment is reversed on appeal, or if a judgment pass for the plaintiff and, upon motion for relief from the judgment, judgment is given against him, the plaintiff, his heirs, executors or administrators, may commence a new action within 1 year next after the judgment is reversed or judgment is given against plaintiff, and not thereafter.
There is a split of authority as to the interpretation of statutes similar to N.J.S.A. 2A:14-28. An Ohio statute[1] permitting *138 commencement of a new action when a former timely filed suit on the same cause of action has been dismissed, otherwise than on its merits, within one year of such dismissal has been interpreted to apply only when the first action was filed in Ohio and was without application when the initial suit was filed in a Federal court or a state court in another state. Accord, Andrew v. Bendix Corp., 452 F.2d 961 (6th Cir.1971), cert. den., 406 U.S. 920, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1971); see Howard v. Allen, 30 Ohio St.2d 130, 283 N.E.2d 167 app. dism., 409 U.S. 908, 93 S.Ct. 251, 34 L.Ed.2d 169 (1972); State v. Pearcy, 401 F. Supp. 994 (W.D.W. Va. 1975); Riley v. Union Pacific R. Co., 182 F.2d 765 (10th Cir.1950); Sorensen v. Overland Corp., 242 F.2d 70 (3d Cir.1957); DeLuca v. Atlantic Refining Co., 176 F.2d 421 (2d Cir.1949).
On the other hand, California, a state to which New Jersey has looked for guidance in other areas of the law, has ruled that a statute[2] permitting plaintiff to commence a new action within one year after reversal of judgment in plaintiff's favor on appeal otherwise than on its merits can be applied to actions initially filed outside of the state in order to save plaintiff's action, later filed in state. Schneider v. Schimmels, 256 Cal. App.2d 366, 64 Cal. Rptr. 273 (1968). See also, Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594 (1907); Abele v. A.L. Dougherty Overseas, Inc., 192 F. Supp. 955 (D.D.C. 1961); Bollinger v. National Fire Ins. Co., 25 Cal.2d 399, 154 P.2d 399 (1908). The policy underpinning a saving statute, such as California's, calls for trial and determination of actions on their merits, especially where the underlying purpose of the statute *139 of limitations has been served by the timely filing of the original claim; there is no unfair surprise to the defendant; and continued efforts of plaintiff to maintain and preserve the cause of action against the defendant is evident.
The principal consideration underlying the enactment of statutes of limitation is fairness to the defendant. Lopez v. Swyer, 62 N.J. 267 (1973). Though giving repose to human affairs is another of the important policy considerations embodied in a statute of limitations, Diamond v. New Jersey Bell Telephone Co., 97 N.J. Super. 1 (App.Div. 1967), the statute should not be used inequitably as a shield against legitimate claims. These factors would similarly favor utilization of the New Jersey statute N.J.S.A. 2A:14-28 and hold it applicable even where the dismissed action or reversal obtains not on the merits and in a court of a sister state. See Friedman v. Friendly Ice Cream Co., 133 N.J. Super. 333 (App.Div. 1975); Gilliam v. Admiral Corp., 111 N.J. Super. 370 (Law Div. 1970). There is no reason, either in the language of N.J.S.A. 2A:14-28 or the policy that underlies statute of limitations, to limit the applicability of the one year saving statute to an action dismissed or reversed in this State. No justifiable basis for such a parochial approach to a law suit should be encouraged.
There is no question here that Hartford pursued its cause of action in New York well within statutory restrictions. It is also uncontested that the commencement of the action seeking enforcement of that New York suit fell within the statutory limitations period. There is no unfair surprise present or litigation of a stale claim. Nor does the court find that there was dilatoriness on the part of Hartford. It timely filed the action in New York, sought enforcement of that judgment in New Jersey, and further seeks an amendment which will fall within the terms of N.J.S.A. 2A:14-28 should the New York courts dismiss Hartford's action. Here, however, the action is still on appeal in New York, rendering the invocation *140 of the grace period prescribed by N.J.S.A. 2A:14-28 premature. Should Hartford prevail on appeal in New York and its judgment not be reversed, it can of course follow through on enforcement of the judgment in the pending action on the complaint as it now stands.
In conclusion, Hartford's motion for leave to amend its complaint is denied without affecting its statutory right to file a complaint in New Jersey within one year from the dismissal or reversal of its action, not on the merits, in New York.
NOTES
[1] "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff ... may commence a new action within one year after such date...."
[2] The full text of The California Code of Civil Procedure section 355 reads: "If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal."