768 A.2d 840 (2000)
338 N.J. Super. 308
Donald L. SODORA and Kenneth Sodora, his brother, Plaintiff
v.
Shelia SODORA, Defendant.
Superior Court of New Jersey, Chancery Division, Atlantic County, Probate Part.
December 18, 2000.
*841 Anthony M. Arbore of Forster & Arbore, Ledgewood, for Plaintiffs Donald L. Sodora and Kenneth Sodora.
Larry I. Kron of Kron & Correale, Succasunna, for Defendant Shelia Sodora.
SELTZER, P.J.Eq.
This is a motion for summary judgment seeking to dismiss plaintiff's claims as untimely under the applicable statute of limitations and requires a determination of the date on which a cause of action for breach of contract accrues in a third party beneficiary of the contract. I conclude in this opinion, supplementing an earlier oral decision, that the cause of action accrues when the beneficiary, not the party through whom the beneficiary claims, discovers the breach.
Because this is a motion for summary judgment, I am required to view the evidence in the light most favorable to the opposing party and to afford to that party the benefit of all inferences which may be reasonably drawn from the evidence thus viewed. Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 666 A.2d 146 (1995). The motion may be granted only if no reasonable fact finder could decide the issue in favor of the resisting party. On the facts thus viewed, a fact finder might conclude that plaintiffs are the children of August Sodora (defendant's decedent to whom I will refer as "defendant") and Dorothy Sodora. When their parents were divorced in 1997, a property settlement was executed which required defendant to give to his children, the plaintiffs, 50% of the net proceeds of specified real estate when it was sold. The property was sold in 1978, yielding net proceeds of $15,751.37, but plaintiffs' parents agreed that, rather than distribute the proceeds at that time, the funds otherwise distributable to the plaintiffs would be invested in a business that was owned and operated by their father. The $7,875.68 or $3,937.84 for each plaintiff was then invested in defendant's business.
Plaintiffs were 12 and 13 years old when the property agreement was reached and 13 and 14 when the property was sold. They attained their majority in 1988 and 89 respectively. Plaintiffs did not learn about the property settlement and the oral agreement to invest the money in the business until shortly after their father died in August 1999. When plaintiffs "request for the invested money (together with its accreted value) was denied, this claim was instituted."[1]
This motion for summary judgment is premised on what is characterized as a failure to file suit within the applicable statute of limitations. I begin initially by noting there is no question in this state *842 that plaintiffs are third-party beneficiaries of the contract between their parents and are, therefore, entitled to maintain this action in their own right. Matter of Lingle's Estate, 72 N.J. 87, 367 A.2d 878 (1976). Although defendant claims that the parol evidence rule prevents consideration of the oral agreement, it is also clear that the rule does not bar proof of a subsequent agreement or, for that matter, of a modification of an existing agreement even if the agreement itself prohibits, as this did not, an oral modification. Lewis v. Travelers Ins. Co., 51 N.J. 244, 253, 239 A.2d 4 (1968); Frank Wirth, Inc. v. Essex Amusement Corp. 115 N.J.L. 228, 229, 178 A. 757 (E. & A.1935). Accordingly, I consider both the written property settlement agreement and the oral modification.
The precise issue then becomes whether this action is barred by the failure of the parties to bring suit within the six year statutory period as set out in N.J.S.A. 2A:14-1. There is no question that a strict application of that statute would bar the proceedings because the written agreement was breached (assuming the lack of a later oral agreement) in 1978 when the real property was sold and the proceeds were not delivered to the plaintiffs at that time. The oral agreement was not clearly defined, but I assume, in the absence of a prohibition, the plaintiffs could remove the investment at any time. Just as the right to sue on a demand note accrues at the time the note is made, Denville Amusement Co. v. Fogelson, 84 N.J.Super. 164, 201 A.2d 380 (App.Div.1964), so too, the right to seek a return of an investment accrues when the investment is made. In either case, the cause of action would have accrued in 1978 and the running of the statute would have been tolled until each plaintiff became an adult in 1984 and 1985 respectively. N.J.S.A. 2A:18-21; Green v. Auerbach Chevrolet Corp., 127 N.J. 591, 606 A.2d 1093 (1992).[2] Since this claim was required by the statute to be filed within six years and it was not filed until 1999, a literal reading of the statute would require dismissal.
Nevertheless, New Jersey has developed an equitable principle known as the "discovery rule" which delays the accrual of a cause of action until the injured party knows, or, with the exercise of reasonable diligence, could have discovered the injury. Lopez v. Swyer, 62 N.J. 267, 300 A.2d 563 (1973). The doctrine is applicable, under appropriate circumstances, to contract actions. County of Morris v. Fauver, 153 N.J. 80, 707 A.2d 958 (1998). In this instance, the doctrine could not apply to plaintiff's mother, a party to the contract, because she had knowledge of the breach. The issue, however, is whether the plaintiffs, third-party beneficiaries, may take advantage of the discovery rule in order to start the statute when they, as opposed to their mother, discovered the breach.
As a general proposition, it appears well accepted that the foundation of any right the third-party beneficiary may have is the promisee's contract. Thus, the "beneficiary, in attempting to take advantage of a contract made for him by another, must make it subject to all legal defenses and inherent equities arising out of the contract as between the parties thereto and must bear the burdens thereof (citations omitted)." Naimo v. LaFianza, 146 N.J.Super., 362, 369 A.2d 987 (Ch.Div. 1976). That is the case when the underlying contract is said to have been illegal, id., or if performance under the contract is conditioned on a non occurring event, Suburban Transfer Service, Inc. v. Beech Holdings, Inc., 716 F.2d 220 (3d Cir. 1983).
*843 There is a split in the two jurisdictions to have considered the issue, however, as to the application of the statute of limitations and the discovery doctrine. Some courts have held that the third party beneficiary is subject to the doctrine as applied to the contracting parties, while others have applied the statute to the third party beneficiary without reference to the contracting parties. California limits the time within to sue in accordance with the statute of limitations as applied to the contracting party. Skylawn v. Superior Court of Solano County, 88 Cal.App.3d. 316, 151 Cal.Rptr. 793 (1979) involved a contract obligating one of the parties to pay any judgment obtained by a third party against an unrelated person. The judgment was obtained but the judgment creditor did not know of the agreement and failed to file suit to collect from the promisor until after the expiration of the statute. The California court held that the statute of limitations is to be applied without respect to the knowledge of the third party beneficiary.
The rationale for the decision was provided by referring to Professor Corbin's treatment of the problem:
[t]he right of the creditor came to him by a sort of `unexpected grace' and without consideration from him. If the statute should bar his remedy by a like accident because of his ignorance he would still be in exactly as good a position as his own contract originally put him. The law giveth and the law taketh away. The `unexpected grace' is nullified by the unexpected limitation.
Id. at 320, 151 Cal.Rptr. 793.
Nevada, on the other hand, applies the statute of limitation to the third party beneficiary without reference to the contracting party. Bemis v. Estate of Bemis, 114 Nev. 1021, 967 P.2d 437 (1998) involved a claim by children to enforce a property settlement agreement by which their father was to have established a trust for them. Concluding that it would be inequitable to foreclose the right to sue until they had learned of the contract, the Nevada court determined that the cause of action accrued when the beneficiaries reasonably learned of the contract and its breach. The court maintained that the "policies served by statutes of limitation do not outweigh the equities reflected in the proposition that plaintiffs should not be foreclosed from judicial remedies before they know that they have been injured and can discover the cause of their injuries." Id. at 1024, 967 P.2d 437. Furthermore, the court noted that it was unwilling to impute a mother's knowledge of the breach to the children for whose benefit the alternative support decree was entered.
That view is supported by the Restatement of Contracts 2nd, section 309 which provides that:
(1) A promise creates no duty to a beneficiary unless a contract is formed between the promisor and the promisee; and if a contract is voidable or unenforceable at the time of its formation the right of any beneficiary is subject to the infirmity.
(2) If a contract ceases to be binding in whole or in part because of impracticability, public policy, non-occurrence of a condition, or present or prospective failure of performance, the right of any beneficiary is to that extent discharged or modified.
(3) Except as stated in subsections (1) and (2) and in s 311 or as provided by the contract, the right of any beneficiary against the promisor is not subject to the promisor's claims or defenses the promisee or to the promisee's claims or defenses against the promisee or to the promisee's claims or defenses against the beneficiary.
(4) A beneficiary's right against the promisor is subject to any claim or defense arising from his own conduct or agreement.
The Restatement subjects a third party beneficiary to the defenses as to legality and obligations to perform which are *844 possessed by the contracting parties (subsections 1 and 2) but applies the statute of limitations to the beneficiary without regard to the status of the contracting parties (subsection 3). In areas of unsettled law, our cases teach that we should give deference to the Restatement. Burke v. Briggs, 239 N.J.Super. 269, 271, 571 A.2d 296 (App.Div.1990).
Moreover, of the two views regarding accrual, I am satisfied that the view represented by the Bemas decision and the Restatement is the one appropriately adopted in this jurisdiction. The purpose of the discovery rule, an equitable doctrine, is to ameliorate the harsh results of a mechanical application of the statute of limitations. Lopez v. Swyer, 62 N.J. 267, 273-4, 300 A.2d 563 (1973). It is inherently unfair for the defendant to have failed to disclose the existence of the funds given to him on behalf of his children and yet be permitted to argue that plaintiffs failed to seek their return long before they knew the fund existed. Additionally, in this case, since plaintiff will be required to prove their allegations by clear and convincing evidence, N.J.S.A. 2A:81-2, the lapse of time does not unduly prejudice the defendant.
In short, I am satisfied that the discovery rule applies to third-party beneficiaries of contracts and that plaintiffs' factual assertions raise a sufficient factual dispute as to compel the denial of the motion for summary judgment.
NOTES
[1] Both parties agree that this probate action is the appropriate forum for the resolution of the claim. Accordingly, I do not decide if the matter should have been brought in the Law Division as would any other claim for breach of contract.
[2] If the claim here is to declare the ownership of stock or to determine that the decedent held certain shares for the plaintiffs and failed to inform them of that status, the complaint asserts a breach of fiduciary obligation. The cause of action for such a breach does not begin until the breach is known or reasonably should have been known. Zola v. Gordon, 685 F.Supp. 354 (S.D.N.Y.1988). In that case, the motion would also be denied.