**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2675-18T1

MARVIN T. BOYD, M.D.,

     Plaintiff-Appellant,

v.

RENAL CENTER OF PASSAIC,
LLC and SUCCESSORS, KAREN
LEE LORENZO LIOI, R.N.,
NORTH JERSEY NEPHROLOGY
ASSOCIATES PA, and ANANTH
N. PRAKASH, M.D.,

     Defendant-Respondents.

_____

Submitted February 24, 2020 – Decided August 11, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. C-000144-17.

Marvin T. Boyd, M.D., appellant pro se.

Pepper Hamilton LLP, attorneys for respondent Renal Center of Passaic, LLC (Jeffrey Arthur Carr and Jason J. Moreira, of counsel and on the brief).

Frier & Levitt, LLC, attorneys for respondents North Jersey Nephrology Associates, PA and Ananth N. Prakash, M.D. (Michelle Lynn Greenberg and Lucas W. Morgan on the brief).

PER CURIAM

In this breach of contract action, plaintiff Marvin T. Boyd, M.D., appeals pro se from four orders entered by the trial judge, namely: (1) a May 7, 2018 order granting New Jersey Nephrology Associates, P.A. (NJN) and Ananth N. Prakash's motion to dismiss; (2) a May 7, 2018 order denying plaintiff's motion to reinstate an entry of default against NJN, Prakash, and Karen Lee Lorenzo Lioi, R.N.; (3) a January 11, 2019 order granting summary judgment to Renal Center of Passaic, LLC (RCP); and (4) a January 11, 2019 order denying his motion to suppress RCP's answer for failure to answer interrogatories. Having reviewed the record, and in light of the applicable law, we affirm.

We discern the following facts from the record. NJN is a nephrology practice that specializes in the treatment of kidney diseases and hypertension. At all times relevant to this appeal, Prakash served as an acting physician and the Chief of Nephrology for NJN. Both Prakash and NJN are members and equity owners of RCP, a dialysis center based in northern New Jersey.

2

Prakash also serves as medical director for RCP. In May 2000, Prakash, in his capacity as medical director for RCP, hired plaintiff to serve on RCP's medical staff and attend to patients in its outpatient hemodialysis unit. Plaintiff did not execute a written employment contract in connection with his being hired.

Thereafter, Karen Marcus, regional director of Renal Ventures Management, LLC (RVM)[1][2] and managing partner for RCP, sent a letter to plaintiff dated September 19, 2011. The letter detailed several complaints made against plaintiff by RCP staff that could be construed as disruptive behavior and/or harassment as defined in RVM's medical staff disruptive behavior and harassment policy (the policy). The letter was intended to inform plaintiff of the complaints, and to place him on notice of RVM's plans to investigate the claims in accordance with RVM's bylaws and the policy.

Marcus sent plaintiff another letter dated October 7, 2011, informing plaintiff that RVM had completed its investigation and that

---

[1] RVM was the parent company for RCP, which it also operated and managed. RCP advises that it is the successor to RVM as it pertains to RVM's bylaws and harassment policies.

[2] In May 2017, RVM sold RCP to DaVita, Inc. Davita subsequently divested the RCP facility to Physicians Dialysis and GMF Capital LLC. None of these entities that followed RVM's sale of RCP are named as defendants in the present litigation.

A-2675-18T1

> [Y]ou are hereby notified that your privileges at RVM have been revoked.
>
> You have fourteen (14) days from the date of this notice to notify your patients that your privileges have been revoked, and give them the option to continue their care with you at another facility, continue treating at a RVM facility with another physician or treat with an entirely new physician and facility.

The letter explained that the governing body of RVM had concluded that plaintiff's behavior constituted disruptive and/or harassing behavior, and established October 24, 2011 as the date by plaintiff needed to fully wind down his practice. Between October 7 and October 24, 2011, plaintiff still interacted with and treated patients.

On October 18, 2017, plaintiff filed a complaint naming RCP, NJN, Prakash, and Lioi[3] as defendants. Plaintiff asserted that RCP's bylaws and the policy constituted a contract. He claimed that defendants had breached the contract by failing to adhere to the process for terminating employees delineated in these documents. Plaintiff sought relief based solely on a breach of contract theory. The parties executed a stipulation for an extension of time to answer the complaint, allowing defendants an extension until December 24, 2017 to file an answer or response.

---

[3] Lioi was the nurse manager for RCP.

A-2675-18T1

RCP filed an answer on December 22, 2017, in which it asserted the affirmative defense of the statute of limitations. NJN, Prakash, and Lioi all failed to timely file responsive pleadings.[4] NJN and Prakash moved to dismiss plaintiff's complaint in lieu of filing an answer for failing to state a claim upon which relief could be granted.[5]

On February 1, 2018, Judge Thomas J. LaConte held a case management conference, at which both NJN and Prakash alleged that plaintiff failed to personally serve them with his complaint and had only done so by certified mail. Counsel for NJN and Prakash advised the judge that she appeared at the conference merely to advise that she was representing NJN and Prakash and that she would be seeking a dismissal of plaintiff's claims against her clients. Judge LaConte agreed that plaintiff had improperly served NJN, Prakash, and Lioi, as he failed to personally serve them as required by the Court Rules.[6] However, Judge LaConte deferred making any decisions regarding service to allow NJN and Prakash to consider whether they wanted to proceed with their motion to dismiss.

---

[4] Lioi never filed a responsive pleading, and never appeared in this matter.

[5] See R. 4:6-2(e).

[6] See R. 4:4-4(a).

A-2675-18T1

On February 5, 2018, plaintiff filed for entry of default against defendants NJN, Prakash, and Lioi on the basis that he had served them via certified mail with return receipts. Default was entered against these defendants that same day. NJN and Prakash sought to dismiss plaintiff's complaint but were advised that because they were in default, they would first need to file a motion to vacate the default. On February 22, 2018, NJN and Prakash sent a letter to the court clerk requesting that it vacate the default based on improper service. Recognizing that defendants were improperly served, the court administratively vacated the default and allowed NJN and Prakash to file a motion to dismiss plaintiff's complaint. Plaintiff responded by resubmitting his previously filed papers, and then personally serving NJN, Prakash, and Lioi, thereafter renewing his request to reinstate default.

On May 7, 2018, Judge LaConte held a hearing on the motion to dismiss filed by NJN and Prakash, as well as plaintiff's motion to reinstate default. The judge acknowledged that RCP's bylaws and the policy could constitute an employment contract as between plaintiff and RCP. He determined, however, that to extend plaintiff's breach of contract action to find either NJN or Prakash personally liable would "require an exercise of either piercing the veil, a protection extended to members of [RCP] or showing a personal breach of

A-2675-18T1

contract perpetrated by those parties, breach of fiduciary duties, or a showing of unjust enrichment as non-parties of contracts cannot be held responsible for a breach."

The judge concluded that there was no basis to pierce the corporate veil and find either NJN or Prakash liable here, as plaintiff had not shown that RCP was a mere instrumentality of either Prakash or NJN nor had he shown that either NJN or Prakash used RCP to perpetrate fraud or act for an illegal purpose. The judge further determined that neither NJN nor Prakash had committed a tort subjecting them to liability; Prakash owed no fiduciary duties to plaintiff; and NJN was not unjustly enriched from plaintiff's termination. For these reasons, the judge granted NJN and Prakash's motion to dismiss plaintiff's complaint without prejudice.[7]

Judge LaConte also denied plaintiff's motion to reinstate default because plaintiff had not personally served defendants until after the court had administratively vacated the default, and his initial service upon defendants by mail was insufficient.

---

[7] Plaintiff did not brief any of the judge's substantive rulings concerning piercing the corporate veil, damages, or unjust enrichment on appeal; therefore, we deem any such arguments to be abandoned. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

The judge also discussed the elements a plaintiff must prove in a breach of contract action identified by our Supreme Court in <u>Globe Motor Co. v. Igdalev</u>, 225 N.J. 469, 482 (2016). Applying those elements, the judge concluded that even if plaintiff's complaint was not time-barred, he had failed to establish that he suffered any quantifiable damages entitling him to relief.

On July 5, 2018, RCP moved for summary judgment as to plaintiff's complaint against it. Plaintiff opposed RCP's motion and cross-moved to strike its answer for failing to provide sufficient answers to interrogatories. A hearing on these motions was held before Judge Randal C. Chiocca on January 11, 2019.

Relying upon N.J.S.A. 2A:14-1, Judge Chiocca determined that plaintiff had six years from the date on which his breach of contract claim accrued to file a complaint against RCP, explaining that the claim accrued on the date on which plaintiff's right to sue arose. The judge found that plaintiff's cause of action accrued on October 7, 2011, that being the day that plaintiff learned that his privileges were revoked. The judge found that defendant's continued employment and his treatment of patients at RCP through October 24, 2011 was not determinative, as it was reasonable to conclude that plaintiff was aware of the alleged breach of the policy and bylaws more than two weeks

prior. Thus, the judge held that defendant's complaint, filed on October 18, 2017, was untimely and statutorily barred.

As to plaintiff's cross-motion, Judge Chiocca concluded that even if RCP's answers to interrogatories were insufficient and discovery was incomplete, plaintiff's breach of contract claim nevertheless was barred because he failed to file his complaint before the applicable statute of limitations expired. Therefore, the judge granted RCP's motion for summary judgment and denied plaintiff's cross-motion to strike RCP's answer. This appeal ensued.

On appeal, plaintiff raises the following arguments:

> POINT I: [THE] LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BY FAILING TO RECOGNIZE THE STATU[T]E OF LIMITATIONS ACCRUAL DATE AS BEING OCTOBER 24, 2011.
>
> A. CAUSE OF ACTION IS FAILURE OF A CONTRACTUAL DUE PROCESS PERFORMANCE PRIOR TO TERMINATION.
>
> B. TERMINATION DATE AS ACCRUAL DATE IN EMPLOYMENT PARADIGM PRECEDENT IS APPLICABLE.
>
> POINT II: [THE] LOWER COURT ERRED IN DENYING CROSS-MOTION OF . . . PLAINTIFF TO STRIKE ANSWER FOR FAILURE TO ANSWER INTERROGATORIES BASED ON [THE] COURT'S

ERRONEOUS OPINION THAT THE ACTION IS TIME BARRED AND IGNORING THE MERIT OF SAID MOTION.

POINT III: [THE] LOWER COURT ERRED IN FAILING TO RECOGNIZE THE STIPULATION EXTENDING TIME TO ANSWER COMPLAINT AS AN APPEARANCE WITH FAILURE TO APPLY [RULE] [4:]4-4(C) AND [RULE] [4:]4-6.

POINT IV: [THE] LOWER COURT ERRED BY FAILING TO ADJUDICATE THE VACATION OF DEFAULT AND DENYING CROSS-MOTION OF . . . PLAINTIFF TO REINSTATE THE DEFAULT WHICH WAS WRONGLY VACATED.

POINT V: [THE] LOWER COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN LIEU OF FILING AN ANSWER BECAUSE DEFENDANTS HAD NO STANDING TO FILE PLEADINGS AS THEY WERE IN DEFAULT.

After plaintiff filed his appeal, NJN and Prakash sent plaintiff a letter on March 21, 2019, asserting that plaintiff's complaint and ensuing appeal are frivolous and in violation of Rule 1:4-8. In their responsive briefs on appeal, both request that we sanction plaintiff under this rule and award attorney's fees to NJN and Prakash.

Plaintiff first argues that the trial judge erred in granting summary judgment to RCP based on plaintiff's complaint being barred by the statute of limitations for breach of contract claims, N.J.S.A. 2A:14-1. He claims that his

10

claim accrued on the last day that he worked for RCP, as opposed to the date on which he learned his privileges were being revoked, as he continued to treat patients after he received his notice of termination.[8] Under this theory, plaintiff's October 18, 2017 complaint would have been filed within time by several days. We disagree.

We review a trial judge's grant of summary judgment de novo under the same standard that governed the trial judge. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). That standard is well-established:

> [I]f the evidence of record—the pleadings, depositions, answers to interrogatories, and affidavits—"together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial [judge] must deny the motion. On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted.

---

[8] Both before the trial judge and on appeal, plaintiff relies on case law governing statutes of limitations for claims under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14. Under the CEPA, our courts have held that such claims accrue not on the date when an employee learns of a retaliatory discharge, but on the date when the employee is discharged. See Alderiso v. Med. Ctr. of Ocean Cty., Inc., 167 N.J. 191, 201-02 (2001). As plaintiff's complaint only raised a breach of contract theory, we concur with the trial judge that the method for determining the date of accrual for a CEPA claim does not govern plaintiff's action.

> [Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344,
> 366 (2016) (citation omitted) (quoting R. 4:46-2(c)).]

"When no issue of fact exists, and only a question of law remains, [reviewing courts] afford[] no special deference to the legal determinations of the trial [judge]." Templo Fuente, 224 N.J. at 199. Thus, "[t]o defeat a motion for summary judgment, the opponent must '"come forward with evidence" that creates a genuine issue of material fact.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)). However, "conclusory and self-serving assertions by one of the parties are insufficient to overcome the motion," Puder v. Buechel, 183 N.J. 428, 440-41 (2005), and the opponent must "do more than 'point[] to any fact in dispute' in order to defeat summary judgment," Igdalev, 225 N.J. at 479 (alteration in original) (emphasis omitted) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)).

Disputes about "facts which are immaterial or of an insubstantial nature" provide no basis to deny the moving party summary judgment. Id. at 480 (quoting Brill, 142 N.J. at 529). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom

12

favoring the non-moving party, would require submission of the issue to the trier of fact."  R. 4:46-2(c).  "The practical effect of [Rule 4:46-2(c)] is that neither the motion [judge] nor an appellate [judge] can ignore the elements of the cause of action or the evidential standard governing the cause of action."  Bhagat v. Bhagat, 217 N.J. 22, 38 (2014).

Rule 4:5-4 provides that "[a] responsive pleading shall set forth specifically and separately a statement of facts constituting an avoidance or affirmative defense," including a statute of limitations defense.  In a breach of contract action, whether express or implied, the statute of limitations is six years.  N.J.S.A. 2A:14-1.  Here, there is no question that RCP pleaded the defense in its answer.

The statute of limitations does not begin until the claim has accrued. "[F]or purposes of determining when a cause of action accrues so that the applicable period of limitation commences to run, the relevant question is when did the party seeking to bring the action have an enforceable right."  Metromedia Co. v. Hartz Mountain Assocs., 139 N.J. 532, 535 (1995) (quoting Andreaggi v. Relis, 171 N.J. Super. 203, 235-36 (Ch. Div. 1979)).  A breach of contract action accrues on "the date upon which the right to institute and maintain a suit first arises."  Holmin v. TRW, Inc., 330 N.J. Super. 30, 35

(App. Div. 2000) (quoting Hartford Accident & Indem. Co. v. Baker, 208 N.J. Super. 131, 135-36 (Law Div. 1985)), aff'd, 167 N.J. 205 (2001).  Specifically, the right to institute and maintain a suit for a breach of contract accrues either when the breach occurs or when the plaintiff should, with the exercise of due diligence, have discovered the breach.  Sodora v. Sodora, 338 N.J. Super. 308, 313 (Ch. Div. 2000); see Lopez v. Swyer, 62 N.J. 267, 272-73 (1973).

Here, plaintiff was aware of RCP's alleged breach when he received Marcus' October 7, 2011 letter that unequivocally stated his privileges had been revoked.  Judge Chiocca correctly found that plaintiff's cause of action for a breach of contract claim accrued on that date.  Plaintiff did not file his breach of contract action against defendants until October 18, 2017.  He failed to seek the requested relief within six years, as required by N.J.S.A. 2A:14-1, and his complaint is therefore time-barred.  Similarly, we reject plaintiff's argument that the judge should have stricken RCP's answer for failure to answer interrogatories because as the judge determined, any answers would not have cured the statute of limitations issue.

We also reject plaintiff's argument that the judge erred in entertaining NJN and Prakeshesh's motion to dismiss. The judge aptly noted that service was defective as to defendants NJN, Prakash and Lioi in his oral opinion, and

we concur. Neither the filing of a stipulation to extend the time to answer, nor the appearance of counsel for NJN and Prakash at the May 7, 2018 hearing, constituted a general appearance. The appearance only subjected NJN and Prakash to the jurisdiction of the court for the limited purpose of filing their motion to dismiss plaintiff's complaint.

Moreover, at the time they filed the motion, NJN and Prakash were not in default because, as the judge found, plaintiff only effected personal service on them after the default was administratively vacated. See R. 4:4-4(c) ("Where personal service is required[,] . . . service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that . . . default shall not be entered against a defendant who fails to answer or appear in response thereto.").

Finally, as to the request made by NJN and Prakash that we award them attorney's fees to be paid by plaintiff because plaintiff's initial complaint and present appeal are frivolous, we conclude that NJN and Prakash must seek such relief by way of a separate motion, to be filed with the trial judge in the manner required by our Court Rules. See R. 1:4-8(b)(1) (requiring in part that an application seeking sanctions be made by way of a separate motion).

A-2675-18T1

To the extent we have not addressed any of the parties' remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION