**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3336-24

LOUIS FITZIG,

    Plaintiff-Appellant,

v.

QUICK COOLING & HEATING,
LLC,

    Defendant-Respondent.

_____

            Argued May 6, 2026 – Decided May 22, 2026

            Before Judges Gilson and Perez Friscia.

            On appeal from the Superior Court of New Jersey, Law
            Division, Union County, Docket No. SC-000010-25.

            Louis Fitzig, appellant, argued the cause on appellant's
            behalf.

            Respondent has not filed a brief.

PER CURIAM

    Plaintiff Louis Fitzig appeals from the April 3, 2025 Special Civil Part

judgment dismissing his breach of contract claim against defendant Quick

Cooling & Heating, LLC with prejudice following a bench trial.[1]  For the reasons that follow, we affirm.

## I.

We recite only the facts pertinent to the issues on appeal.  Plaintiff owned a residential rental property (the property) in New Jersey but resided out of state.  After plaintiff's tenant advised him the property's air conditioning (AC) unit was not working, plaintiff contacted defendant to assess the AC system.  On June 18, 2018, the parties entered into a contract for defendant to replace plaintiff's AC unit at the property.  Immediately thereafter, a dispute arose as to defendant's replacement of the unit.

Over six years later, on January 3, 2025, plaintiff filed a complaint against defendant alleging breach of contract claim.  Plaintiff asserts the parties agreed that "[d]efendant was hired to replace a [heating, ventilation, and air conditioning (HVAC)] system at [p]laintiff's home with [the] same or [a] like-kind system."  He alleged damages of $5,000 because "[d]efendant installed an[] incorrect AC unit[,] which prevented heat for the home and required replacement."

---

[1]  Defendant failed to file a responsive brief to this appeal.

A-3336-24

The trial court presided over a two-day trial. On February 13, 2025, plaintiff testified that he spoke with defendant's owner, Amir Karni, in June 2018. Plaintiff informed Karni the AC unit at the property was a "Carrier" AC system, but Karni advised that the company no longer made the same equipment. Plaintiff asked Karni for "the same or like[-]kind [AC] equipment." After Karni assessed the AC system at the property, he advised plaintiff the cost of "like[-]kind equipment" would be $4,900. Plaintiff maintained it was known that the property was "all electric."

Plaintiff recalled discussing different "brands" with Karni and that it was understood that plaintiff only agreed to a replacement unit "on the same level." Plaintiff paid defendant a $2,000 deposit, using his American Express card. After defendant notified plaintiff that the work was completed the same day, plaintiff received a bill for the remaining $2,900. Plaintiff learned from his tenant that the unit installed was manufactured by "Evcon," which plaintiff believed was a "bottom of the barrel" brand. Plaintiff claimed defendant acknowledged the new AC unit was not of a similar kind to the Carrier unit. While plaintiff admitted never working in HVAC installation, he asserted that "numerous experts" advised him that the unit was not similar, so he requested the unit be "replace[d]."

3

Plaintiff alleged Karni offered to reduce the cost by $500, which plaintiff rejected. The parties disputed whether Evcon was of similar kind and plaintiff refused to pay the remaining balance owed.

About six months later, on December 29, 2018, after plaintiff never paid the balance owed but kept the unit, he contacted Karni because he learned the property's heat was not working. Plaintiff called Karni for assistance, believing the unit was "under warranty." He testified defendant had wrongly replaced the AC unit but produced no HVAC expert at trial to establish "an incorrect unit [was] installed."

Plaintiff explained he "ended up replacing the whole system" in January 2019, including a new "heat pump as well as the handler," and that the "whole system cost a little over $8,000." Another company, DB Heating and Cooling, allegedly replaced the entire system, but plaintiff did not produce a company representative to address the installation or any alleged HVAC deficiency. Plaintiff also provided no "breakdown" of the cost "for each component" to demonstrate the alleged cost for the AC unit's replacement. Plaintiff believed he was entitled to the total cost of the whole system and "storage fees" for having kept the original AC unit.

A-3336-24

Karni testified that he first spoke with plaintiff on June 18, 2018. Plaintiff had requested the expeditious replacement of the property's AC unit because it stopped working during a heatwave. Karni maintained plaintiff only hired defendant to "replace the condenser . . . [for] the cooling system," which was "half of the cooling portion of the project." Karni learned at the time many manufacturers "stopped making the units" plaintiff needed, so he discussed with plaintiff the option of replacing the whole system or doing a "work[-]around" to only "replac[e] the . . . condenser" for less money. Karni recalled "the only" manufacturer "that still ma[de] that type of system" and produced a similar unit at the time was Evcon. Karni then replaced plaintiff's AC unit with the Evcon component, believing it was compatible.

Karni attested plaintiff canceled the American Express card deposit, succeeded in having the $2,000 payment reversed, and refused to pay the remaining balance. Karni was adamant plaintiff "got a free unit" because plaintiff "got the $2,000 back." The record indicates Karni referenced a document, which was marked as an exhibit, showing "proof" "that [the] deposit was returned."[2]

---

[2] The court referenced the exhibit during trial on February 13, 2025, but plaintiff did not provide the exhibit on appeal.

A-3336-24

After issues surrounding the introduction of hearsay evidence regarding the unit's operability and plaintiff's payment arose, the court adjourned the trial to provide the parties with an opportunity for "the case to proceed . . . [with] all of the information." The court scheduled another trial date, directed any proposed "exhibits . . . [to] be uploaded to the docket," and advised that any further witnesses had to appear to testify when the trial resumed.

On April 3, 2025, the trial continued. Karni was cross-examined and testified that the AC unit he replaced was a "like for like." Regarding the use of an Evcon unit, Karni maintained it was a "comparable unit from a different brand" and that he did not replace the original system "with the wrong type of unit." After Karni was asked why the heat at the property did not work in January 2019, Karni stated he could not guess "what happened" and explained there are many "issues that can occur in a system." Karni further testified the heat must have been operable from October 2018 through December 2018 as plaintiff only alleged the heat was not working in January 2019. He reiterated that plaintiff paid no "money" for his AC services.

After Karni's testimony, the court inquired whether plaintiff had any rebuttal evidence to establish "equitable tolling[ of the] statute of limitations." Plaintiff responded, "it was brought to [his] attention" defendant did not install

6

a "like[-]kind unit" and the parties had agreed on "a better brand." He further asserted that no representative from DB Heating and Cooling was available to testify regarding defendant's faulty installation, which he allegedly only learned of in January 2019.

At the conclusion of the trial, the court dismissed plaintiff's complaint. The court found plaintiff failed to file the action within the six-year statute of limitations for a contract claim and failed to establish a breach of contract cause of action. Although plaintiff's complaint alleged only a contract claim, the court also explained that plaintiff's negligence claim, alleged during the trial, was not filed within the applicable two-year statute of limitations.

In addition to plaintiff not filing his action within the statute of limitations period, the court found he failed to "prove that it is more likely than not[,] or . . . by a preponderance of the evidence[,] that [defendant] did something wrong." The court highlighted the parties had "different perspective[s]" about the job and unit specifications. It reasoned that plaintiff offered no testimony from "someone who is competent to [explain] . . . that the unit . . . [defendant] installed was not a like unit." Further, plaintiff failed to establish that defendant's installed unit was "somehow different." Regarding plaintiff's equitable tolling argument, the court found plaintiff offered no "competent or

A-3336-24

credible testimony or . . . evidence" showing that the unit "installed was the reason why the heat stopped working in January 201[9]."

Plaintiff thereafter moved for the court to vacate the dismissal of his complaint, which was denied on June 12, 2025. This appeal followed.

On appeal, plaintiff contends the court erred in dismissing his complaint against defendant based on a misapplication of the law and an error of fact.

II.

We begin by recognizing the well-established standard of review of an appeal from a bench trial. We "review a 'trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard.'" Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)). Ordinarily, "[t]he scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)).

"[W]e defer to the trial court's credibility determinations, because it '"hears the case, sees and observes the witnesses, and hears them testify,"' affording it "a better perspective than a reviewing court in evaluating the veracity of a witness."'" City Council of Orange Twp. v. Edwards, 455 N.J.

Super. 261, 272 (App. Div. 2018) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). We will "'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Griepenburg v. Township of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We review de novo a trial court's order dismissing a complaint as barred by a statute of limitations. Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016).

III.

Plaintiff claims the court improperly dismissed his complaint against defendant "as not timely filed." He argues dismissal was "wrong as a matter of law because . . . tolling [should be] . . . appropriately applied to the six-year [s]tatute of [l]imitations for breach of contract." After a review of the record, we disagree.

Pursuant to N.J.S.A. 2A:14-1, "Every action at law for . . . recovery upon a contractual claim or liability, express or implied, . . . shall be commenced within six years next after the cause of any such action shall have accrued." "[F]or purposes of determining when a cause of action accrues so that the

9

applicable period of limitation commences to run, the relevant question is when did the party seeking to bring the action have an enforceable right." Metromedia Co. v. Hartz Mountain Assocs., 139 N.J. 532, 535 (1995) (quoting Andreaggi v. Relis, 171 N.J. Super. 203, 235-36 (Ch. Div. 1979)).  A breach of contract action accrues on "the date upon which the right to institute and maintain a suit first arises." Holmin v. TRW, Inc., 330 N.J. Super. 30, 35 (App. Div. 2000) (quoting Hartford Accident & Indem. Co. v. Baker, 208 N.J. Super. 131, 135-36 (Law Div. 1985)), aff'd, 167 N.J. 205 (2001).

In "most contract actions" it is "presume[d] that the parties to a contract know the terms of their agreement and a breach is generally obvious and detectable with any reasonable diligence." County of Morris v. Fauver, 153 N.J. 80, 110 (1998).  Specifically, the right to institute and maintain a suit for a breach of contract accrues either when the breach occurs or when the plaintiff should, "with the exercise of reasonable diligence," have discovered the breach. Sodora v. Sodora, 338 N.J. Super. 308, 313 (Ch. Div. 2000); see Lopez v. Swyer, 62 N.J. 267, 272-73 (1973).

A statute of limitations may be equitably tolled under very limited circumstances:  "'(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has "in some extraordinary way" been prevented from asserting his

[or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum.'" Barron v. Gersten, 472 N.J. Super. 572, 577 (App. Div. 2022) (alterations in original) (quoting F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012)). "Absent a showing of intentional inducement or trickery by a defendant, [equitable tolling ] . . . should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice." Ibid. (alterations in original) (quoting Binder v. Price Waterhouse & Co., L.L.P., 393 N.J. Super. 304, 313 (App. Div. 2007)).

Here, plaintiff was aware of his alleged breach of contract claim regarding the allegedly deficient replacement unit on June 18, 2018, when he learned defendant installed an Evcon AC unit. Plaintiff admitted immediately contacting Karni to dispute whether the Evcon AC unit was sufficiently in kind to the replaced Carrier unit. Plaintiff's refusal to pay the remaining balance on the day the AC unit was installed, because he disputed the quality of the replacement brand, demonstrates his actual knowledge of the facts supporting his alleged contract breach. Stated another way, plaintiff was clearly aware of his potential cause of action for a breach of contract claim based on defendant's installation of the different AC unit on June 18, 2018. Plaintiff filed his

complaint on January 3, 2025, more than six years later. Thus, he failed to seek relief within the six-year statute of limitations, as required by N.J.S.A. 2A:14-1, resulting in his complaint being time-barred.

We also reject plaintiff's assertion that tolling of the statute of limitations is warranted because he only learned that the unit was faulty in late 2018. The record supports the court's determination that plaintiff failed to establish defendant's installation of the Evcon AC unit was in any way related to the property's heat not working. Plaintiff did not prove a nexus between defendant's installation of the AC unit in June 2018, and the property's inoperable heat in late December 2018. We note the court provided plaintiff further opportunity to present additional evidence by continuing the trial for another day, which included permitting plaintiff the opportunity to call an expert on rebuttal. For these reasons, we discern no error by the court in declining to toll the statute of limitations.

Regarding, plaintiff's evidence admitted at trial, the court found plaintiff offered insufficient proofs to support a breach of contract claim based on defendant's installation of the AC unit. The record amply supports the court's determination that plaintiff failed to prove by a preponderance of the evidence defendant "did something wrong," or breached the parties' contract.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hadley*

Clerk of the Appellate Division

A-3336-24